# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY L. ALBERT**, | : | CIVIL ACTION NO. 1:05-CV-2380 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| | : | |
| **JEFFREY W. WEAVER** and | : | |
| **RICHARD HEISTER**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 8th day of December, 2006, upon consideration of the correspondence from counsel for defendants dated November 27, 2006 and addressed to the attention of the court (see Ex. A attached hereto), in which defendants request an order of court:  (1) directing plaintiff to submit to an independent medical examination conducted by Dr. Michael F. Mitrick, and (2) requiring plaintiff to produce an expert report from his treating physician, Dr. Ronald Lippe, and it appearing that plaintiff has placed his physical condition "in controversy" in this case (see Doc. 1), and that professional evaluation of the nature and extent of plaintiff's physical injuries for purposes of establishing their origin constitutes "good cause" for an independent medical examination, see FED. R. CIV. P. 35(a) ("When the . . . physical condition . . . of a party . . . is in controversy, the court . . . may order the party to submit to a physical . . . examination . . . .  The order may be made only on motion for good cause shown . . . ."), and after a conference with counsel of record, in which plaintiff's counsel indicated that he

intends to elicit opinion testimony with regard to causation from plaintiff's treating physician, see FED. R. CIV. P. 26(a)(2)(B), it is hereby ORDERED that:

1. The correspondence (Ex. A) is CONSTRUED as a motion under Rule 35 of the Federal Rules of Civil Procedure for an independent medical examination of plaintiff and is GRANTED as so construed as follows:

    a. Plaintiff shall submit to a physical examination to be conducted by Dr. Michael F. Mitrick.

    b. After consultation with Dr. Mitrick, defendants shall submit three proposed dates for the physical examination. Plaintiff shall select one of these dates on which to participate in the physical examination.

2. On or before January 19, 2007, plaintiff shall provide defendants with an expert report outlining the nature of the expert opinion to be expressed by Dr. Ronald Lippe, particularly with respect to the issue of causation. Such report shall comply with the additional requirements of FED. R. CIV. P. 26(a)(2)(B).

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge